**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 04-4688**

───────────

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

RODERICK LAMONT LATTIMORE,

                              Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  Frank W. Bullock, Jr.,
District Judge. (CR-04-116)

───────────

Submitted:  November 17, 2005      Decided:  November 22, 2005

───────────

Before WILKINSON, LUTTIG, and WILLIAMS, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Louis C. Allen III, Federal Public Defender, Gregory Davis,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Lisa Blue Boggs, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Roderick Lamont Lattimore appeals his conviction and sentence for possession with intent to distribute crack cocaine. Lattimore's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising the issue of whether Lattimore's sentence violated Blakely v. Washington, 542 U.S. 296 (2004). Lattimore filed a pro se supplemental brief, contending that his right to confront witnesses was violated. Finding no reversible error, we affirm.[*]

Lattimore first asserts that the district court's conclusion that he was a career offender violated Blakely. This claim is foreclosed by circuit precedent. See United States v. Collins, 412 F.3d 515, 521-23 (4th Cir. 2005) (holding that defendant's Sixth Amendment right to trial by a jury was not violated by district court's reliance on his prior convictions for purposes of sentencing as career offender); see also United States v. Thompson, 421 F.3d 278, 285-86 (4th Cir. 2005) (holding that prior convictions could not be severed from their essential components, such as separateness, location, and dates of offenses, and that, therefore, no finding of fact is made with respect to these inherent facts). Moreover, Lattimore did not challenge any

---

[*]Lattimore's plea agreement contained an appellate waiver provision, but because the Government has failed to assert the waiver, we address the substance of Lattimore's claims.

factual findings regarding the prior convictions, and he did not dispute the factual basis for the district court's conclusions that he was a career offender. Accordingly, Lattimore's assertion that his career offender enhancement violated the Sixth Amendment is without merit. See Collins, 412 F.3d at 523 (holding that, where defendant did not dispute any facts supporting the career offender status in district court, there is no constitutional violation in relying on defendant's prior convictions).

Lattimore also challenges various other sentencing enhancements under Blakely. However, because Lattimore's career offender status determined his sentencing range, any improper factual findings regarding other enhancements did not impact his sentence. Thus, any error was harmless.

Finally, Lattimore contends that the district court violated his right to confront the witnesses against him. However, Lattimore's guilty plea waived this claim. In fact, Lattimore was specifically informed of this fact during his guilty plea hearing, and he stated that he understood.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Lattimore's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed,

- 3 -

but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED